IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| ARTHUR FRITZ, | |
| Plaintiff, | No. 10-CV-4127-DEO |
| vs. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, Agent of Michael J. Astrue, | |
| Defendant. | |

This matter is before this Court pursuant to Plaintiff's application for attorneys fees pursuant to the Equal Access to Justice Act (EAJA). Docket No. 20 and 28 U.S.C. § 2412(d). The Defendant has filed, "Defendant Response To Plaintiff's Application For Attorney Fees Pursuant To the Equal Access To Justice Act" (Docket No. 21) which indicates that the Plaintiff and Commissioner have agreed to an award of EAJA fees and expenses in the amount of $6,316.62.[1]

28 U.S.C. § 2412(d) of the EAJA provides for the award of fees and expenses if: (1) the party requesting the fees

---

[1] Defendant did not provide the agreed upon breakdown of the hours bill and the hourly rate. However, 28 U.S.C. § 2412(d)(2)(A) provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." (citation omitted).

prevailed; (2) the position of the United States was not "substantially justified;" (3) the fees were incurred by the moving party in a "civil action . . . including proceedings for judicial review of agency action;" (4) the action was brought by or against the United States; (5) the court entering the ruling had "jurisdiction of that action;" (6) the party seeking fees submitted an application 30 days after final judgment, specifying the "amount sought, including an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed;" (7) the amount sought is reasonable under the circumstances; and (8) there are no "special circumstances" making "an award unjust." (citation omitted).

In this case, Plaintiff has satisfied each necessary element. Plaintiff prevailed in a civil action against the Commissioner of Social Security. Docket No. 18. This Court properly exercised jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner was not substantially justified in that the overwhelming weight of the evidence supported the conclusion that Plaintiff was disabled. Docket No. 18. Plaintiff's request for attorneys fees included an

itemized statement of the actual time expended (See footnote 1). Docket No. 20. Neither the Commissioner nor this Court consider the amount sought to be unreasonable under the circumstances. And, finally, this Court is unaware of any special circumstances which would render the award unjust.

**Therefore, Plaintiff's request under the EAJA for attorneys fees is granted in part in the amount agreed to by the parties, $6,316.62.** While the Commissioner correctly notes that the EAJA fee is payable to Plaintiff, the Government may make direct payment to Attorney Arneson, Plaintiff's counsel, as long as Plaintiff's award is not subject to offset to satisfy a pre-existing debt Plaintiff owed the government and Plaintiff has assigned her right to receive attorneys fees to Attorney Arneson. Astrue v. Ratliff, 130 S. Ct. 2521, 2529 (2010).

**IT IS SO ORDERED** this 21st day of May, 2012.

                                              /s/ Donald E. O'Brien
                                              Donald E. O'Brien, Senior Judge
                                              United States District Court
                                              Northern District of Iowa